# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Christopher Brown,
    Petitioner

    vs               Case No. 1:01cv840
                        (Beckwith, J.; Perelman, M.J.)

Pat Hurley,
    Respondent

---

## REPORT AND RECOMMENDATION

---

Petitioner, a prisoner in state custody at the Ross Correctional Institution in Chillicothe, Ohio, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's "traverse" in reply to the return of writ, as well as the transcript of the state criminal trial proceedings submitted by respondent as ordered by the Court on March 8, 2004. (*See* Docs. 1, 7, 8, 10, 11).

## Factual And Procedural Background

On December 30, 1998, petitioner was indicted by the Hamilton County, Ohio, grand jury in Case No. B9809212 on two counts of murder in violation of Ohio Rev. Code § 2903.02(A); on March 11, 1999, petitioner was re-indicted by the grand jury in Case No. 9901823 on one count of felony murder as defined in Ohio Rev. Code § 2903.02(B), one count of murder as defined in Ohio Rev. Code § 2903.02(A), and one count of involuntary manslaughter as defined in Ohio Rev. Code § 2903.04(A). (Doc. 7, Exs. 3-4). The two cases were consolidated, and after a trial before the court, petitioner was acquitted of the murder charges, but was found guilty of the lesser-included offense of voluntary manslaughter as defined in Ohio Rev. Code §

2903.03(A).[1]  (*See id.,* Exs. 1, 5; *see also* Doc. 11, Tr. 269-70).  On May 13, 1999, petitioner was sentenced to nine (9) years in prison.  (Doc. 7, Ex. 1).

With the assistance of counsel, petitioner filed a direct appeal to the Ohio Court of Appeals, First Appellate District, which affirmed the judgment of conviction on April 14, 2000.  (*See id.,* Exs. 2, 8).  Petitioner's appellate counsel next sought leave to appeal further to the Ohio Supreme Court.  (*Id.,* Exs. 9-10).  On September 6, 2000, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."  (*Id.,* Ex. 11).

Petitioner, who is now represented by counsel from the Ohio Public Defender's Office, filed the instant petition for writ of habeas corpus on December 4, 2001.  He claims as the sole ground for relief that his conviction for voluntary manslaughter was based on insufficient evidence as the "State did not establish that [petitioner] knowingly killed the decedent."  (Doc. 1, p. 4).

As respondent apparently concedes (*see* Doc. 7, Brief, p. 8), the petition does not pose a statute of limitations issue because it was filed within the applicable one-year limitations period set forth in 28 U.S.C. § 2244(d).  Moreover, because petitioner raised his sufficiency of evidence claim on appeal to both the Ohio Court of Appeals and the Ohio Supreme Court, no exhaustion or waiver issue is presented here.  Therefore, the Court will proceed to address petitioner's claim on the merits.

## OPINION

### Petitioner Is Not Entitled To Relief On The Ground That His Voluntary Manslaughter Conviction Is Based On Insufficient Evidence

In Ohio, voluntary manslaughter is established upon proof beyond a reasonable doubt that the accused "knowingly" caused the death of another "while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force."  Ohio Rev. Code § 2903.03(A).  A person acts

---

[1]Petitioner was also acquitted of the involuntary manslaughter charge.  (Doc. 7, Ex. 1; Doc. 11, Tr. 269-70).

2

"knowingly" when, "regardless of his purpose, . . . he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Ohio Rev. Code § 2901.22(B). "A person has knowledge of circumstances when he is aware that such circumstances probably exist." *Id.* Thus, unlike the "purposeful," specific intent to cause another's death, which is necessary to prove the offense of murder, the mens rea element of voluntary manslaughter requires only that the defendant act with an awareness that his conduct probably will cause death. *See, e.g., State v. Cousin,* 449 N.E.2d 32, 40-41 (Ohio Ct. App. 1982), *overruled in part on other grounds by State ex rel. Blair v. Balraj,* 631 N.E.2d 1044 (Ohio 1994); *State v. Parker,* No. CA98-04-025, 1999 WL 17732, at *2 (Ohio Ct. App. Jan. 19, 1999) (unpublished) (fact that the defendant did not intend to kill his brother did not mandate reversal of his voluntary manslaughter conviction, because that fact "is inherent in the mens rea for voluntary manslaughter which, unlike murder, does not require intentional conduct"); *State v. Whatley,* No. 95APA10-1375, 1996 WL 257462, at *2 (Ohio Ct. App. May 14, 1996) (unpublished) ("A defendant acts knowingly when, although not intending the result, he or she is nevertheless aware that the result will probably occur."), *appeal dismissed,* 673 N.E.2d 136 (Ohio 1996); *State v. Chandler,* No. 89AP-809, 1990 WL 85137, at *2-3 (Ohio Ct. App. June 21, 1990) (unpublished) (rejecting the defendant's argument that the evidence was insufficient to prove she "knowingly" caused the victim's death under the voluntary manslaughter statute in that she did not intend the results of her conduct–i.e., that stabbing the victim would cause his death).

In this case, petitioner was tried for causing the death of his room-mate, Stanley Small, who died from a stab wound to the heart incurred during a violent altercation with petitioner. The defense argued at trial that rather than murder or voluntary manslaughter, a "negligent homicide" was committed by petitioner because he did not know that in striking the victim with an "unknown object," he was actually stabbing the victim with a knife. (*See* Doc. 11, Tr. 250-56). Although the trial court acquitted petitioner of the charged murder offense, it apparently rejected the defense theory of negligent homicide in finding petitioner guilty of the lesser-included offense of voluntary manslaughter. The court explained its decision as follows:

> We don't know exactly what happened during the course of the evening of December 22, between Mr. Small and Mr. Brown. However, once your review the photographs [of the victim and crime scene], you listen to the 911 tape [of Brown's call for help,] you consider the statements that ... Mr. Brown made . . . to the investigating officers shortly

after this incident, many things are very clear.  And in my opinion the only conclusion that can be reached.

We have a very violent argument, a struggle ensued.  It's obviously violent enough to awaken the downstairs neighbor.  I listened to Mr. Brown on the 911 tape.  There's no question that he was in a fit of rage; that he was extremely emotional at the time that he made this call; that he was, in fact, frantic.

You consider the condition of the apartment, the disarray of broken furniture, the broken doors, it's clear that Mr. Small certainly did not stab himself.  This type of wound can only [be] inflicted by another person.

The conclusion is that Mr. Brown knowingly stabbed Mr. Small and that this stab wound is what led to the death of Mr. Small.

It's clear also to this Court that with the injuries to Mr. Brown himself and the injuries to Mr. Small, that this was a very violent situation.  It's clear to this Court that Mr. Brown at the time of the incident involved here knew what he was doing but he was influenced or under the influence of a sudden passion or sudden fit of rage here, and it was brought on by the provocation of this struggle and by the wounds that were inflicted on himself.

Therefore, the finding is not guilty on the murder charges.  The finding is guilty as to voluntary manslaughter under Section 2903.03(A) of the Ohio Revised Code.

And that is, "knowingly causing the death of Stanley Small while under the influence of sudden passion or rage that was brought on by a serious provocation."

(*Id.,* Tr. 267-69).

4

Petitioner challenged the trial court's decision, arguing on appeal that the evidence was insufficient to establish the mens rea element of voluntary manslaughter, The Ohio Court of Appeals, which was the only state appellate court to issue a reasoned decision rejecting this claim on the merits, made findings of fact that are presumed correct under 28 U.S.C. § 2254(e)(1),[2] and ruled in relevant part as follows:

> . . . .In reviewing Brown's sufficiency-of-the-evidence claims, we must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that Brown was guilty of voluntary manslaughter beyond a reasonable doubt. . . .
>
> ****
>
> The evidence demonstrates that Brown and Small began arguing when Brown arrived home from work later than expected. According to the information Brown provided Cincinnati police officer Robert Heinlein, Small punched him in the eye, and Brown responded by striking Small with an unidentified object. (Brown did have an injury to his eye.) Small then ran to the bathroom and Brown tried to enter. Once Brown opened the bathroom door, Small fell toward the bathtub and started convulsing.
>
> The argument awoke the woman who lived in the apartment below theirs. She heard yelling and screaming and portions of the argument. She testified that Small sounded frightened and used the words "stab" and "kill" in what she believed to be in the context of a plea for Brown not to kill or stab him.

---

[2]28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

She next heard Small scream.  She did not hear Small's voice after that.

Brown called 911 and, as instructed, attempted to provide Small with cardiopulmonary resuscitation until help arrived. The fire department and police officers arrived simultaneously.  The firemen provided cardiopulmonary resuscitation and called for the paramedic unit.  One of the paramedics noticed a small puncture in the chest area, but did not know at the time whether the wound was caused by a bullet or by a knife.

The police found a knife blade with blood near the kitchen sink and the knife's handle leaning against the television in the bedroom.  Small's autopsy revealed knife wounds in his chest and on the outside of his left arm.  Small's blood was on the blade of the knife.

Although Brown could not recall what object he used to strike Small, he did not deny striking him in response to being punched.  The evidence indicates that Small was stabbed with a knife in the heart and died within a few moments of the stabbing.  The only people present were Small and Brown.  A neighbor heard Small refer to being stabbed and killed, followed by a scream.  The bathroom door was broken and the apartment was in disarray.  The circumstantial evidence was sufficient to demonstrate that Brown knowingly acted with awareness that he would probably cause Small's death. Further, we conclude that the evidence presented was sufficient to demonstrate voluntary manslaughter. . . .

(Doc. 7, Ex. 2, pp. 2-5) (footnote citing state case omitted).

Under the applicable standard of review set forth in 28 U.S.C. § 2254(d), petitioner is not entitled to relief in this federal habeas corpus proceeding unless the state court's adjudication of his sufficiency of evidence claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established

federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

The Supreme Court decision governing the resolution of petitioner's sufficiency of evidence claim is *Jackson v. Virginia,* 443 U.S. 307 (1979). The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). When petitioner raises a sufficiency of evidence claim in a petition for a writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original). This standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the jury which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam), *cert. denied,* 490 U.S. 1049 (1989).

In this case, although it cited only Ohio case-law, the Ohio Court of Appeals correctly identified and applied the clearly-established standards enunciated by the Supreme Court in *Jackson* in addressing petitioner's sufficiency of evidence claim. (*See* Doc. 3, Ex. 8, pp. 10-13). Moreover, upon review of the trial transcript (*see* Doc. 11), this Court concludes the state appellate court's decision that petitioner's voluntary manslaughter conviction was based on sufficient evidence is neither contrary to nor involves an unreasonable application of *Jackson*, and is not based on an unreasonable determination of the facts in light of the evidence presented at trial.

Viewing the evidence in the light most favorable to the prosecution in accordance with *Jackson,* a rational trier of fact could have found beyond a reasonable doubt that petitioner acted "knowingly," or with awareness that his act of stabbing the victim in the chest would probably result in the victim's death. The only evidence to support the defense's alternative theory of "negligent homicide" was petitioner's own self-serving statement, made after the stab wound to the victim's chest was discovered and petitioner was handcuffed and taken to police headquarters for questioning, that after "he was poked or punched in the eye by [Small] ... he picked something up and stuck [Small] with it [but] didn't know what he did with it and didn't know what it was." (Doc. 11, Tr. 182, 187). A rational trier of fact reasonably could have determined this statement lacked credibility. The statement is particularly suspect given petitioner's initial and even more self-serving statements, made before the victim's cause of death was determined, to the 911 operator and police who responded to the scene, in which no mention was made of the fact that the victim was stabbed or otherwise struck by

petitioner with any object, known or unknown.  Indeed, in telling the operator and police officers what had transpired, petitioner related only that he and Small were having an argument, that Small "poked" petitioner in the eye and then tried to lock himself in the bathroom, and that when petitioner gained entry into the bathroom "to talk" to Small, Small "just fell out and fell into the tub."  (*See id.,* Tr. 99-100; "911 Call" Tr. 2, 6-7, 9).

As the prosecutor pointed out in closing argument (*see id.,* Tr. 257-58), petitioner's defense theory is further belied by the fact that police found a knife blade, which was stained with Small's blood,  near the kitchen sink and the knife's handle leaning against the television in the bedroom .  A rational juror could have inferred from this evidence that the knife was the instrument used by petitioner to stab the victim and that petitioner must have known what it was based on the circumstantial evidence indicating that, after the stabbing occurred, he carried the knife blade to the kitchen sink and leaned the knife's handle against the television in the bedroom.

Finally, the downstairs neighbor, who was awakened by petitioner's and Small's argument, testified that she overheard Small refer to being stabbed and killed, which was followed by a scream and then the sound of one person "walking around the apartment." (*Id.,* Tr. 33-36, 39-40).

Petitioner argues in his "traverse" that it is "irrational to find that Mr. Small's death was the probable outcome of Mr. Brown's striking Mr. Small one time with a knife," and that "[i]n fact, it was quite improbable that Mr. Small would die from such a blow." (Doc. 8, p. 4).  This Court disagrees.  A rational juror could find that one forceful, stab with a knife into a person's chest/heart probably would result in that person's death.  At petitioner's trial, Dr. Dorothy Dean, who performed Small's autopsy, testified that the blade penetrated four and one-half inches into Small's chest, through the muscle, completely through the breast bone and into the heart sac and the interior part of the pulmonary artery. (Doc. 11,  Tr. 129-31).  Dr. Dean also testified that the "amount of force necessary to penetrate the breast bone" would "be consistent with what [she] might expect necessary to break [the] knife in two." (*Id.* Tr. 132). From this evidence, a rational trier of fact could reasonably conclude that the "character of the weapon, the situs of penetration and the force necessary for that penetration create[d] a basis for a strong inference that [petitioner] knew the probable result of [his] act." *Cf. Cousin,* 449 N.E.2d at 39-40 (voluntary manslaughter conviction affirmed in case involving stabbing with kitchen knife that went through the victim's skin, the cartilage of the second vertebrae and four inches further cutting into the ascending

aorta); *see also State v. Kidd,* No. C-820093, 1983 WL 5359, at *1 (Ohio Ct. App. Jan. 5, 1983) (per curiam) (unpublished) (concluding that the trial record contained sufficient evidence "to warrant a finding that the appellant acted knowingly, as that term is defined in R.C. 2901.22(B), when she lunged toward the victim with a knife pointed in the general direction of the victim's heart, thereby inflicting a lethal wound that, in fact, consisted of the actual penetration of one of the chambers of the heart").

Petitioner also contends that his "actions after striking the decedent–calling 911, attempting cardiopulmonary resuscitation before the arrival of paramedics, and exhorting the paramedics to quickly attend to the decedent–were not consistent with knowingly causing the death of the decedent." (Doc. 1, p. 4). However, the fact that petitioner may not have intended to kill Small, and took actions after the stabbing to keep Small alive, does not mean that under the mens rea requirement for voluntary manslaughter, petitioner was unaware his deliberate, forceful act of stabbing Small in the chest/heart probably would result in Small's death. *Cf. State v. Vandergriff,* No. C-030068, 2003 WL 23018560, at *6 (Ohio Ct. App. Dec. 23, 2003) (unpublished) (in determining the evidence of a "deliberate, forceful" plunging of the sharp end of a broken bottle into the jugular area of the victim's neck was sufficient to establish the mens rea element of voluntary manslaughter, the court explicitly rejected the defendant's argument that evidence demonstrating she "immediately regretted the action and expressed concern for [the victim's] survival" should alter that conclusion).

Accordingly, in sum, the Court concludes that the state appellate court's decision that there was sufficient evidence to support petitioner's voluntary manslaughter conviction under Ohio Rev. Code § 2903.03(A) is neither contrary to nor involves an unreasonable application of the Supreme Court's *Jackson* precedent and is based on a reasonable determination of the facts in light of the record evidence. Petitioner is not entitled to habeas corpus relief based on his sufficiency of evidence claim alleged as the sole ground for relief in the petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's sole

ground for relief, which was addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right in that ground for relief.[3]   *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.   *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  4/26/04                         s/David S. Perelman
        cbc                            David S. Perelman
                                       United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\01-840denypet.sufficevid-volmansl.wpd

---

[3]Because this Court's adjudication of the claim alleged in Ground Two does not involve the denial or dismissal of such claim on procedural grounds, the two-part test enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), for determining whether or not to issue a certificate of appealability for procedurally-defaulted claims, is inapplicable.

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Christopher Brown,
     Petitioner,

                                                 Case No. 1:01cv840
        v.                                    (Beckwith, J.; Perelman, M.J.)

Pat Hurley,
     Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable David S. Perelman, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).