```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

```
Christopher Brown,                 )
                                   )
              Petitioner,          )
                                   )   Case No. 1:01-CV-840
     vs.                           )
                                   )
Pat Hurley, Warden,                )
                                   )
              Respondent.          )
```

Order Adopting Report and Recommendation

On April 26, 2004, United States Magistrate Judge David S. Perelman issued a Report and Recommendation in which he recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied with prejudice, that a certificate of appealability not issue with respect to Petitioner's sole ground for relief, and that Petitioner be denied leave to proceed *in forma pauperis* in any appeal from this Order. Petitioner objects to the Report and Recommendation on two narrow grounds. First, he argues that the Magistrate Judge erred in his implicit rejection of empirical medical data demonstrating that the incidence of death from stab wounds to the chest is less than 2%, rendering the likelihood of the death of Petitioner's victim from such a wound small and negating a necessary element of the voluntary manslaughter charge of which Petitioner was convicted. Second, he objects to the Magistrate Judge's recommendation that he be denied a certificate of appealability.

The Magistrate Judge issued the Report and Recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. Accordingly, the Court considers *de novo* the specific portions of the Report and Recommendation to which Petitioner objects. See Rule 72(b).

Petitioner does not contend that the Magistrate Judge erred in his recitation of the law applicable to Petitioner's claim that the evidence supporting the "knowing" element of the voluntary manslaughter offense was insufficient to support his conviction. The Court finds no plain error in the recitation of the applicable law in the Report and Recommendation. Petitioner contends only that, applying the correct standard, the trier of fact could not have concluded that Petitioner knew when he stabbed his victim in the chest that death was the probable outcome.

Petitioner bases his objection on empirical medical evidence that the likelihood of death from stab wounds to the chest is less than 2%. He contends, solely on the basis of that evidence, that it would have been impossible for a reasonable trier of the facts to conclude that Petitioner knew death to be a probable consequence of his action when death was actually quite improbable.

At Petitioner's trial, the physician who performed the autopsy on Petitioner's victim testified concerning the amount of force required to inflict the wounds suffered by the victim and to break the shaft of the knife used in the stabbing from the

2

handle.  As the Magistrate Judge concluded, that evidence, which relates to the specific facts surrounding Petitioner's offense and not empirical data unrelated to those specific facts, would permit a rational trier of the facts to reasonably conclude that Petitioner knew when he stabbed the victim that death was a probable consequence.  Petitioner's first objection is, therefore, **OVERRULED**.

Petitioner's second objection is largely dependent upon the first.  The Court is simply not persuaded that reasonable jurists would find this Court's disposition of Petitioner's sufficiency of the evidence claim debatable.  Accordingly, the Court concludes that the Magistrate Judge did not err in recommending that a certificate of appealability not issue in this matter.  Petitioner's second objection is also **OVERRULED**.

For those reasons, the Court hereby **ADOPTS** the report and Recommendation of Magistrate Judge Perelman *in toto*.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **DENIED** with prejudice.  A certificate of appealability shall not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).  The Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.  Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* in any appeal from this Order.  See Fed.R.App.P.

24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).
This action is **CLOSED**.

    **IT IS SO ORDERED.**

                                                /s/
                                Sandra S. Beckwith
                                United States District Judge